# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1218

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Forestell Norman Sheppard, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  May 9, 2000

Filed:  July 18, 2000

_____

Before BOWMAN, LOKEN, and BYE, Circuit Judges.

_____

LOKEN, Circuit Judge.

A jury convicted Forestell Norman Sheppard of conspiring to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841and 846.  Finding that more than 500 grams of methamphetamine were involved in the offense, the district court[1] sentenced Sheppard to 240 months in prison.  Sheppard appeals, raising three issues.  Most important, from the standpoint of its impact on other cases, is his contention the district court erred in failing to instruct the jury that drug quantity is an

---

[1]The HONORABLE CATHERINE D. PERRY, United States District Judge for the Eastern District of Missouri.

element of the crime. Based upon the Supreme Court's recent decision in <u>Apprendi v. New Jersey</u>, No. 99-478, 2000 WL 807189 (U.S. June 26, 2000), we conclude that drug quantity must often be treated as an element of the offense under § 841 but that any error was harmless in this case because the indictment charged Sheppard with conspiring to distribute more than 500 grams, and the jury made a special finding of that quantity. We also reject Sheppard's arguments that the evidence was insufficient to convict, and that the court's jury instructions created a material variance between the indictment and the offense proved. Accordingly, we affirm.

## I. Is Drug Quantity an Element of the Crime?

Sheppard was convicted of conspiring to violate 21 U.S.C. § 841(a)(1), which makes it unlawful to possess with intent to distribute any quantity of a controlled substance such as methamphetamine. Sheppard was sentenced in accordance with § 841(b), which is entitled "Penalties" and which provides for increased sentencing ranges based upon a variety of factors, including the type and quantity of illegal drugs involved in the offense. Because of this statutory structure, which separates the definition of "unlawful acts" in § 841(a) from the penalty factors in § 841(b), this court (and most circuits) have held that drug quantity, even if alleged in the indictment, is not an element of the offense and is therefore determined at sentencing by the district court applying the preponderance-of-the-evidence standard, not by the jury applying the beyond-a-reasonable-doubt standard. <u>See, e.g.</u>, <u>United States v. Mabry</u>, 3 F.3d 244, 250 (8th Cir. 1993), <u>cert. denied</u>, 511 U.S. 1020 (1994).

In <u>Jones v. United States</u>, 119 S. Ct. 1215, 1228 (1999), the Supreme Court construed the federal carjacking statute, 18 U.S.C. § 2119, "as establishing three separate offenses by the specification of distinct [penalty] elements, each of which must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury for its verdict." The Court highlighted, but did not resolve, what it called a grave and doubtful constitutional question, namely —

under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.

119 S. Ct. at 1224 n.6. Sheppard argues that Jones overruled our prior decisions holding that drug quantity is an element of sentencing under 21 U.S.C. § 841, not an element of the offense. The district court rejected this contention, and a number of circuits have likewise concluded that § 841(b) clearly evidences Congress's intent that drug quantity be a sentencing factor, and that the suggestion in Jones of a broad constitutional prohibition against this type of legislation does not require rejection of clear circuit precedent. See United States v. Thomas, 204 F.3d 381, 384 (2d Cir. 2000) (collecting cases); accord United States v. Grimaldo, 2000 WL 709498 (8th Cir. June 2, 2000).

This landscape changed dramatically with the Court's decision last month in Apprendi. At issue was a conviction and lengthy sentence under a state statute allowing the sentencing judge to impose a sentence greater than the statutory maximum based upon the court's finding that the crime was motivated by racial bias. The Supreme Court reversed, concluding that, under the Fifth and Sixth Amendments as made applicable to the States by the Due Process Clause of the Fourteenth Amendment, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 2000 WL 807189, at *13. As we read 21 U.S.C. § 841(b), in some cases its application will be subject to that principle. For example, the statutory maximum sentence for the drug types and quantities specified in § 841(b)(1)(D) is "not more than 5 years," whereas the maximum sentence for the drug

types and quantities specified in § 841(b)(1)(A) is "not . . . more than life."[2]  On the other hand, another sentencing factor that increases the statutory maximum sentence in many § 841 prosecutions is the defendant's prior drug felony conviction.  See § 841(b)(1)(C). In cases where a prior conviction increases the statutory maximum, the use of drug quantity at sentencing will not conflict with <u>Apprendi</u> so long as it results in a sentence within the § 841(b)(1)(C) maximum.  See <u>United States v. Aguayo-Delgado</u>, No. 99-4098 (8th Cir. July 18, 2000).

The district court understandably followed this court's established precedent, failing to predict, as some circuit courts failed to predict, that the constitutional doubt expressed by the Supreme Court in <u>Jones</u> would become a firm constitutional rule in <u>Apprendi</u>.  Although this case is on direct appeal and therefore governed by <u>Apprendi</u>, we conclude that any instructional error was harmless.  At the instruction conference, Sheppard argued that <u>Jones</u> required the court to submit the issue of drug quantity to the jury as an element of the offense.  The court declined to do so but, at the government's request, did submit a "Special Finding" dealing with drug type and quantity.  Answering this finding in the affirmative, the jury unanimously found beyond a reasonable doubt that more than 500 grams of methamphetamine were involved in Sheppard's offense.  Because the indictment had alleged this drug type and quantity, and because the district court made a drug quantity finding at sentencing that was consistent with the jury's special finding, Sheppard received all the Fifth and Sixth

---

[2]As we point out in Part III of this opinion, the § 841(b) sentencing provisions only require the government to prove that the offense "involved" a particular type and quantity of controlled substance, not that the defendant knew he was distributing that particular type and quantity.  Thus, to the extent <u>Apprendi</u> applies, the jury need only be instructed to find, as it did in this case, that a particular type and quantity of controlled substance was involved in the offense.

-4-

Amendment protections that <u>Jones</u> and <u>Apprendi</u> require. In these circumstances, any failure to treat drug type and quantity as an element of the crime was harmless error.[3]

## II. Sufficiency of the Evidence

Tonya Eaden boarded a bus in Phoenix, bound for St. Louis and carrying a bag containing a two-pound package of methamphetamine. A drug dog detected the narcotics at a bus stop in Tulsa. Eaden was arrested and agreed to cooperate with the police by delivering a substitute package in St. Louis. St. Louis police officers working for the Drug Enforcement Administration escorted Eaden as she checked into a St. Louis hotel, as instructed by her source, Michael Taylor. The police stayed in her room as Eaden called Taylor's pager in Phoenix, and then left the room with audio and video monitors in place. Taylor soon returned the call, and then another man called the hotel room. Twenty minutes later, Sheppard knocked on the door. Eaden had met Sheppard in Phoenix, recognized him, and let him in. Sheppard asked, "Where's the stuff at?" Eaden showed him the bag. Sheppard retrieved the substitute package from the bag, stuffed it inside his trousers, and was arrested as he left the hotel room. When arrested, Sheppard refused to cooperate, saying, "You all got me. That's enough."

Sheppard argues the evidence was insufficient to convict him of conspiring to possess methamphetamine because the government failed to prove that either Eaden or Sheppard, the only two named conspirators, knew the package contained the drug methamphetamine. We disagree. Eaden testified she knew in Phoenix that Taylor had given her methamphetamine or "crystal" to deliver in St. Louis. Under cross

---

[3]In addition, we note that the sentence Sheppard actually received under § 841(b)(1)(A) -- the mandatory minimum of 240 months in prison -- is within the twenty-year statutory maximum penalty for § 841 offenses involving *any quantity* of a Schedule II controlled substance such as methamphetamine. <u>See</u> § 841(b)(1)(C). In some cases, this fact may bear on whether the sentence actually imposed was within the constitutional limits prescribed by <u>Apprendi</u>.

examination, Eaden became uncertain whether she knew the illegal drug was methamphetamine before her arrest.  But she was unequivocal that she was to be paid $1,000 for delivering illegal drugs, and Sheppard's videotaped conduct and statements in the hotel room were sufficient to permit a reasonable jury to infer, beyond a reasonable doubt, that he was there to pick up illegal drugs.  To convict a defendant of violating 21 U.S.C. § 841(a), or of conspiring to violate § 841(a) in violation of 21 U.S.C. § 846, "[t]he government is not required to prove that the defendant actually knew the exact nature of the substance with which he was dealing."  United States v. Jewell, 532 F.2d 697, 698 (9th Cir.) (en banc), cert. denied, 426 U.S. 951 (1976).  Viewing the evidence in the light most favorable to the jury's verdict, as we must, we conclude it was sufficient to convict Sheppard of the crime charged.  Compare United States v. Moser, 509 F.2d 1089, 1092 (7th Cir. 1975).

### III.  The Material Variance Issue

Finally, Sheppard argues that the district court gave internally inconsistent jury instructions, and created a material variance with the indictment, when it defined the elements of the charged conspiracy as including "an understanding to possess methamphetamine with intent to distribute it," and then instructed:

> To assist you in determining whether there was an agreement or understanding to possess with the intent to distribute a mixture or substance containing methamphetamine, you are advised that the elements of possession with the intent to distribute a mixture or substance containing methamphetamine are . . . 2, the defendant knew that he was in possession of *a controlled substance* . . . .

(Emphasis added.)  The material variance arose, Sheppard explains, because the indictment specifically alleged that he and Eaden knowingly and intentionally conspired to possess with the intent to distribute "a mixture or substance containing methamphetamine."  The variance prejudiced the defense, he argues, because his cross

-6-

examination of Eaden created doubt whether she knew the contraband was methamphetamine. By broadening the knowledge element of the charge to include all controlled substances, the jury instructions destroyed his defense based on lack of knowledge of the specific controlled substance alleged in the indictment.

A material variance between the indictment and the government's proof at trial requires a new trial if it prejudices the defense by depriving the defendant of adequate notice of the charges he must defend. See United States v. Begnaud, 783 F.2d 144, 147-48 (8th Cir. 1986). As we have explained, a defendant may be convicted of a drug conspiracy violation without proof that he knew the precise drug he conspired to possess and distribute. Here, the same drug transaction was alleged in the indictment and proved at trial. The district court's instructions required the jury to find that the drug in question was methamphetamine, and that Sheppard knew it was a controlled substance. Thus, the indictment gave Sheppard adequate notice of the offense the government proved at trial, and the jury instructions properly stated the law. There was no material variance because the instructions only took away a "non-defense" -- that Sheppard knew it was *a* controlled substance, but not *the* controlled substance, methamphetamine. See United States v. Fragoso, 978 F.2d 896, 902 (5th Cir. 1992), cert. denied, 507 U.S. 1012 (1993).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-