**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JACQUELINE LOU QUARTERMAN,

    Defendant-Appellant.

No. 00-8038
(D. Wyo.)
(D.Ct. No. 99-CV-1026)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Appellant Jacqueline Lou Quarterman, a federal inmate appearing *pro se*,

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeals the district court's decision dismissing her motion, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct her conviction and sentence. In so doing, Ms. Quarterman seeks a certificate of appealability to appeal the district court's dismissal of her § 2255 motion.[1] We deny Ms. Quarterman a certificate of appealability and dismiss her appeal.

Ms. Quarterman was convicted on one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846, one count of distribution of LSD and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of possession with intent to distribute methamphetamine and aiding and abetting in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. *See United States v. Vaziri*, 164 F.3d 556, 559 (10th Cir. 1999). At sentencing, the trial court enhanced her sentences for obstruction of justice and possession of a firearm, and sentenced Ms. Quarterman to 108-month (or nine-year) sentences on each count, to run concurrently. *Id.* at 562, 567-68. The facts surrounding Ms. Quarterman's conviction and sentence are fully outlined in our decision relating to her direct

---

[1] Ms. Quarterman did not file an application for a certificate of appealability in the district court, nor did the district court issue a certificate of appealability. Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a certificate of appealability within thirty days after filing of the notice of appeal as a denial of a certificate.

appeal. In short, the government presented overwhelming evidence at trial establishing Ms. Quarterman: 1) participated in a conspiracy to distribute LSD and at least five grams of methamphetamine, *id.* at 565-66; 2) distributed at least twenty-five grams of methamphetamine,[2] *id.* at 560-62; and 3) distributed at least 106 hits of LSD, *id.* at 560.

Following her direct appeal, Ms. Quarterman filed her § 2255 motion, raising a plethora of issues–most of which we previously addressed in her direct appeal. In a 129-page brief in support of her motion, Ms. Quarterman also raised numerous ineffective assistance of counsel claims concerning her criminal prosecution, trial, sentencing, and appeal. While raised as ineffective assistance of counsel claims, some of these claims concerned the same issues she raised and we addressed in her direct appeal.

The district court assigned the matter to a magistrate judge who issued an exhaustive and well-reasoned "Report and Recommendation For Order Ruling on Motion Attacking Sentence Pursuant to 28 U.S.C. Section 2255." First, the

---

[2] While government witnesses testified Ms. Quarterman sold them twenty-five grams of methamphetamine, this is a conservative number considering Ms. Quarterman admitted to selling over seventy grams of methamphetamine. *Vaziri*, 164 F.3d at 560-62.

magistrate judge declined to address issues already directly raised and addressed in Ms. Quarterman's direct appeal, except those raised as ineffective assistance of counsel claims. Ultimately, the magistrate judge determined Ms. Quarterman's counsel did not perform deficiently or that such performance did not prejudice her case. The magistrate judge also reviewed and rejected various other issues, unrelated to Ms. Quarterman's ineffective assistance of counsel claims, which she raised for the first time in her § 2255 motion. Accordingly, the magistrate judge recommended dismissal of Ms. Quarterman's § 2255 motion.

In response, Ms. Quarterman filed voluminous objections to the magistrate judge's Report and Recommendation. After considering Ms. Quarterman's objections and conducting a *de novo* review of the record, the district court issued an "Order Adopting Magistrate Judge's Report and Recommendation." In addition to adopting the Report and Recommendation, the district court also conducted a thorough analysis of Ms. Quarterman's numerous objections, many of which either concerned issues she did not raise before the magistrate judge or that related directly to the magistrate judge's ruling. After rejecting Ms. Quarterman's claims and objections, the district court dismissed her motion.

On appeal, the crux of Ms. Quarterman's argument centers on the validity

of her indictment and the general verdict used at her trial – a claim she raised in her direct appeal.[3] *See Vaziri,* 164 F.3d at 566-568. In her direct appeal, Ms. Quarterman contended the jury impermissibly returned a "general verdict" on the conspiracy charge in the indictment. She argued a "general verdict" was impermissible because the charge included four different controlled substances, *i.e.*, LSD, methamphetamine, cocaine and marijuana. 164 F.3d at 565-67. Although we previously addressed and rejected this claim, Ms. Quarterman asks us to review it again based on an intervening change in the law which she describes as a "watershed change in constitutional law." In support, she relies on the United States Supreme Court's decisions in *Apprendi v. New Jersey*, ___ U.S. ___, 120 S. Ct. 2348 (2000), and *Jones v. United States*, 526 U.S. 227, 119 S. Ct. 1215 (1999), which post-date her direct appeal. Specifically, she claims these cases support her contention the indictment and general verdict used at trial were improper because they failed to: 1) list the type and amount of drugs attributed to

_____

[3] Ms. Quarterman fails to assert any of numerous ineffective assistance of counsel claims she raised in her § 2255 motion and supporting brief. The only statement possibly relating to an ineffective assistance of counsel claim concerns her request for an oral argument on appeal, in which she summarily states she "has NEVER had her day in court, having been advised to NOT testify at the trial." Despite Ms. Quarterman's *pro se* status, this court will not sift through her brief in an attempt to construct legal arguments or theories for her, *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) nor consider unsupported, conclusory allegations on appeal, *see Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981).

her, or 2) mention any potential application of sentencing enhancements for obstruction of justice and firearm possession. Under *Apprendi* and *Jones*, she claims the amount of drugs and facts supporting any enhancement must be charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt before the court may enhance her sentence. Finally, Ms. Quarterman claims she is only subject to the maximum possible sentence for marijuana which is sixty months or five years because the jury returned a general verdict of guilty on the conspiracy charge, which included a charge relating to marijuana.

"We review the district court's legal rulings on a § 2255 motion *de novo* and its findings of fact for clear error." *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000) (quotation marks and alteration omitted). As the magistrate judge aptly pointed out in the Report and Recommendation, Ms. Quarterman may not use collateral review to receive a "second bite of the apple" for issues previously decided by this Court, "absent intervening change in [the] law." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citing *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989)).

With these standards in mind, we clarify that Ms. Quarterman's LSD and methamphetamine convictions under 21 U.S.C. § 841(a) were based solely on

those individual substances, and did not include marijuana. *Vaziri,* 164 F.3d at 559. Thus, Ms. Quarterman's contention she can only receive a five-year sentence for a marijuana charge relates only to her conspiracy conviction. *Id.* at 566. However, we disagree with Ms. Quarterman's contention. In the direct appeal, we explained Ms. Quarterman actively participated in the conspiracy, as demonstrated by her and her co-defendants' agreements, sharing of information and cooperation in obtaining and distributing methamphetamine and LSD. *Id.* at 565-66. We pointed out that one of her co-defendants clearly obtained at least five ounces of methamphetamine as part of the conspiracy. *Id.* at 561, 565. In addition, we noted the same co-defendant supplied at least 106 hits of LSD to Ms. Quarterman, which she sold to an informant. *Id.* at 560, 566. Our review of the record shows no evidence establishing Ms. Quarterman was involved in a conspiracy to sell marijuana. Under these circumstances, it is reasonable to conclude the jury convicted Ms. Quarterman's for conspiracy relating either to possession and distribution of methamphetamine or LSD, and not a conspiracy relating to marijuana.

Having ascertained the specific drugs on which Ms. Quarterman received each conviction, we next look at whether some intervening change of law has occurred sufficient to overturn our determination in her direct appeal. In so

doing, we conclude Ms. Quarterman fails to meet her burden of showing any intervening change in the law which affects her sentence. Specifically, she fails to present a colorable *Apprendi* claim.[4]

The Court in *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S. Ct. at 2362-63.[5] In applying *Apprendi*, many of our sister courts have held a sentence is valid, even if the drug quantity is not proven to a jury, if the sentence does not exceeds the statutory maximum sentence allowed under 21 U.S.C. § 841(b)(1)(C).[6] *See United States v. Keith*, 230 F.3d 784, 786 (5th Cir. 2000); *United States v. Doggett*, 230 F.3d 160, 165 (5th Cir. 2000); *United States v. Aguayo-Delgado*, 220 F.3d 926, 934 (8th Cir.), *cert. denied*, ___ S. Ct. ___,

---

[4] The Supreme Court's decision in *Apprendi* follows its decision in *Jones*, expands the constitutional concerns voiced therein, and is the most relevant to our discussion. While we direct our attention primarily to the *Apprendi* decision, we note that Ms. Quarterman's claim fails under the principles announced in either *Apprendi* or *Jones*.

[5] We note that at least one circuit court has declined to apply *Apprendi* retroactively on collateral review. *See In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000).

[6] Section 841(b)(1)(C) is a catch-all provision for any quantity of schedule I or II drugs. Therefore, the amount of the drug charged need not be proven.

-8-

2000 WL 1634209 (U.S. Nov. 7, 2000) (No. 006746); *United States v. Sheppard*, 219 F.3d 766, 769 n.3 (8th Cir. 2000). Thus, where the sentence is less than the maximum sentence allowable by law, the sentence may stand. It follows the same principles apply where the facts supporting the enhancements were not proven at trial, but the sentence is less than the maximum sentence allowable by law.

In applying these principles, we begin with an examination of Ms. Quarterman's convictions relating to the drug LSD – a Schedule I controlled substance. *See* 21 U.S.C. § 812(c), Schedule I(c)(9). In this case, Ms. Quarterman received a conviction under 21 U.S.C. § 841(a) for one count of distribution of LSD, but no specific quantity concerning the weight of the LSD was proven to the jury, other than the facts that 106 hits were sold. Similarly, assuming Ms. Quarterman's received her conspiracy conviction under 21 U.S.C. § 846 for distribution of LSD, we note an unidentified quantity of LSD was involved in the conspiracy. Under 21 U.S.C. § 841(b)(1)(C), the statutory maximum sentence for either convictions is not more than twenty years, regardless of whether quantity is proven at trial. *See* 21 U.S.C. §§ 841(b)(1)(C), 846; *see also Doggett*, 230 F.3d at 165 (applying § 841(b)(1)(C) to conspiracy charge); *Aguayo-Delgado*, 220 F.3d at 933-34 (same). Thus, Ms. Quarterman's concurrent nine-year sentences are valid under *Apprendi* because they do not

exceed the statutory maximum sentence of twenty years provided for under 21 U.S.C. § 841(b)(1)(C). Under these circumstances, we conclude the trial court's application of the two enhancements at issue does not invalidate Ms. Quarterman's sentences on these convictions, even though the quantity of LSD and facts supporting the enhancements were not proven to a jury at trial.

With respect to Ms. Quarterman's convictions involving methamphetamine, her *Apprendi* argument also fails. In this case, the quantity of methamphetamine need not be proven because Ms. Quarterman's nine-year sentence for possession with intent to distribute and distribution of methamphetamine – a Schedule II controlled substance – falls within the statutory maximum sentence of no more than twenty years for distribution of any quantity of methamphetamine. *See* 21 U.S.C. §§ 812(c), Schedule II(c), and 841(b)(1)(C); 21 C.F.R. § 1308.12(d)(2). The same is true if her conspiracy conviction under 21 U.S.C. § 846 related to distribution of methamphetamine because the amount of methamphetamine need not be proven. Thus, even if the facts supporting the two enhancements were not proven to the jury, Ms. Quarterman's sentences do not exceed the statutory maximum sentence. Under the circumstances presented on appeal, Ms. Quarterman clearly fails to present a colorable *Apprendi* claim sufficient to warrant overturning her enhanced sentences.

In order for this court to grant a certificate of appealability, Ms. Quarterman must make a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). She fails to do so. Accordingly, for the reasons stated herein, and for substantially the same reasons in the magistrate judge's October 22, 1999 Report and Recommendation, and the district court's May 24, 2000 Order, we deny Ms. Quarterman's request for a certificate of appealability and **DISMISS** her appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge