# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3968 EMCG

_____

| | | |
|---|---|---|
| United States of America | * | |
| | * | |
| Plaintiff/Appellee, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| | * | |
| Bennie Patterson, | * | |
| | * | |
| Defendant/Appellant. | * | |
| | * | |
| | * | |

_____

Submitted:  May 18, 2001

Filed: August 3, 2001

_____

Before WOLLMAN, Chief Judge, BEAM, Circuit Judge, and BARNES,[1] District Judge.

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas, sitting by designation.

BARNES, District Judge.

Appellant, Bennie Patterson, appeals the district court's[2] sentence following a jury trial wherein he was found guilty of three counts of distribution of cocaine base, commonly know as crack. Patterson also appeals the district court's denial of his motion to dismiss on the basis that the government's "weed and seed" program violated established principles of equal protection. We affirm.

## I.

In November of 1998, the Federal Bureau of Investigation in cooperation with the Poplar Bluff, Missouri Police Department targeted suspected drug dealers in a local "weed and seed" area. During the course of this operation, Bennie Patterson was arrested in June of 2000 and charged with three counts of selling cocaine base. Patterson moved to suppress the indictment by a pre-trial motion which the district court denied, and the case proceeded to jury trial.

During jury selection, the government exercised a peremptory strike to excuse an African-American woman. Patterson challenged the strike claiming it was motivated by the juror's race in violation of Batson v. Kentucky, 476 U.S. 79 (1986). The district court denied the challenge and found that while Patterson had made a prima facie showing of discrimination, the government presented a facially valid reason for striking her from the panel. Following a three day trial, the jury found Patterson guilty on all three counts.[3] The court later sentenced Patterson to a total of 245 months on each of

---

[2]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

[3]The jury delivered a guilty verdict on three counts of distribution of five grams or more of cocaine base in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C.

Counts I, II, and III, to run concurrently, followed by an aggregate term of five years supervised release on each count to run concurrently.

## II.

Patterson raises the following three issues on appeal:  (1) the government's "weed and seed" program which resulted in his arrest and prosecution violated his right to equal protection; (2) the district court erred in denying his Batson challenge of the government's peremptory strike of the African-American juror; and (3) the district court erred in its application of the sentencing guidelines.  We review the district court's rulings for clear error.  United States v. Bell, 86 F.3d 820, 823 (8th Cir. 1996).

Patterson initially claimed in a pre-trial motion to dismiss the indictment that he was selectively prosecuted in violation of the Equal Protection Clause because he was an African-American targeted by the government through a local "weed and seed" program.  In order to prevail, Patterson must present clear evidence that the government has violated the Equal Protection Clause.  United States v. Armstrong, 517 U.S. 456, 465 (1996).  Patterson must show that enforcement of the law had a discriminatory effect and was motivated by a discriminatory purpose.  Id.; see also Wayte v. United States, 470 U.S. 598, 608 (1985).  In essence it must be shown the law was not enforced when similarly situated individuals of a different race violated the law. Patterson must also demonstrate that the government's decision to enforce the law was at least partially based on race.  United States v. Bell, 86 F.3d 820, 823 (8th Cir. 1996).  Patterson failed to present any evidence that race played any part in the government's operation.

Patterson also appeals the district court's denial of his Batson challenge to the government's peremptory strike of an African-American woman.  Under Batson, the

_____

§841(b)(1)(B).

government is prohibited from exercising a peremptory strike to remove a juror based on his or her race. <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986). Once the opponent of a peremptory challenge has made out a prima facie case of racial discrimination, the burden of production shifts to the striking party who must then produce a race-neutral reason for the strike. <u>Purkett v. Elem</u>, 514 U.S. 765, 767 (1995); <u>citing</u> <u>Hernandez v. New York</u>, 500 U.S. 352, 358-359 (1991)(plurality opinion). If such a reason is produced, the court must then decide whether the opponent has proved purposeful racial discrimination. <u>Ids</u>. During voir dire, the juror, Ms Rivers, acknowledged that she knew Patterson as well as people who associated with him. She also admitted she knew several potential witnesses in Patterson's trial. Furthermore she told prosecutors that Patterson's residence was located in the same area as her church. The district court agreed with the government that Ms. Rivers' knowledge of the defendant and others constituted a facially valid reason for striking her from the panel. We agree.

Patterson also asserts that the district court erred in assessing his base offense level at 38 for sentencing. He also claims the court miscalculated the drug quantity and as a result his sentence was excessive. In making a sentencing determination, the court may consider drug quantities that were a part of the same course of conduct or part of a common scheme or plan as those serving as the basis for conviction. U.S. Sentencing Guidelines Manual §1B1.3; <u>see also</u> <u>United States v. Berry</u>, 212 F.3d 391, 393 (8th Cir. 2000). In determining drug quantity, the court may consider not only the drugs for which Patterson was convicted, but also drug transactions before the offense which were part of a regular scheme or pattern of drug traffic in which he was involved. In addition to having the benefit of a three day trial during which it heard evidence; the district court held an extensive and lengthy sentencing hearing on November 27, 2000. Patterson was found guilty of three counts of selling crack cocaine which totaled 26.06 grams. There was abundant testimony at trial from individuals who had either participated in drug sales with Patterson or had purchased from him. FBI Special Agent Larry Bruns testified that Patterson admitted to receiving one kilogram of crack cocaine during 1999. <u>United States v. Peck</u>, 161 F.3d 1171, 1174 (8th Cir.) (Reliable admissions support

enhancements under the guidelines.)

The amounts given in testimony coupled with those for which he was convicted are more than the 1.5 kilograms necessary to support a base offense level of 38. Furthermore, the district court noted in ruling on Patterson's objections to the pre-sentence report:

> No. 7. Defendant objects to paragraph No. 9 because it is not true. There is no foundation supporting the identity of any alleged drugs and Mr. Patterson did not--is not accountable for 3, 098.06 grams of crack cocaine and 126 grams of powder cocaine.
>
> There is strong evidentiary support that in fact Mr. Patterson is responsible for substantially more than that amount, but certainly that amount, and as to paragraph No. 7 the objection is overruled.

Sentencing Transcript at pg. 216. We find that the district court did not err in its finding of a base offense level of 38.

Finally, we conclude that the district court did not err in its application of the guidelines nor was the sentence imposed on Mr. Patterson excessive. He rehashes the argument that his sentence of 245 months was excessive and violates his rights under the Equal Protection Clause of the Constitution because under the guidelines, penalties for distributing crack cocaine are more severe than the penalties for its distribution in powder form. This argument has been addressed frequently in past cases and found to be without merit. United States v. Davis, 154 F.3d 772, 788 (8th Cir. 1998); United States v. Clary, 34 F.3d 709, 712 (8th Cir. 1994); see also United States v. Lattimore, 974 F.2d 971 (8th Cir. 1992).

## III.

For the foregoing reasons we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.