**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 00-4509

GEORGE COLEMAN,
            *Defendant-Appellant.*

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 00-4659

JOHN ERIC HUGHES,
            *Defendant-Appellant.*

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-00-4)

Submitted: July 31, 2001

Decided: August 15, 2001

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Keith B. Marcus, BREMNER, JANUS, COOK & MARCUS, Richmond, Virginia; Wayne R. Morgan, Jr., Richmond, Virginia, for

Appellants. Helen F. Fahey, United States Attorney, Michael C. Wallace, Special Assistant United States Attorney, Marc I. Osborne, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Following a jury trial, George Coleman and John Eric Hughes each were convicted on one count of conspiracy to distribute crack cocaine, in violation of 21 U.S.C.A. § 846 (West 1999). Coleman and Hughes appeal, raising numerous grounds of error. Finding no merit to their claims, we affirm their convictions.

Appellants assert that there was insufficient evidence to support their convictions because the government's witnesses lacked credibility. However, in evaluating the sufficiency of the evidence, this Court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

Next, Appellants raise two claims relating to the Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).[1] First, they argue that their § 846 convictions must be overturned because 21 U.S.C.A. § 841 (West 1999 & Supp. 2001) is

---

[1]Under *Apprendi*, any fact, other than a prior conviction, that increases the statutory maximum penalty for a crime is an element of the offense, and as such, must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt. 530 U.S. at ___, 120 S. Ct. at 2362-63.

unconstitutional after *Apprendi*.[2] We find this argument to be merit-less. *United States v. Cernobyl*, ___ F.3d ___, 2001 WL 733406 (10th Cir. June 29, 2001); *United States v. Brough*, 243 F.3d 1078, 1080 (7th Cir. 2001); *United States v. Candelario*, 240 F.3d 1300, 1311 n.16 (11th Cir. 2001), *cert. denied*, ___ U.S. ___, 121 S. Ct. 2535 (June 8, 2001) (No. 00-9956); *United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir. 2000), *cert. denied*, ___ U.S. ___, 121 S. Ct. 2015 (May 21, 2001)(No. 00-9519).

Even if § 841 is constitutional, Appellants argue that, because mens rea is an element of the offense under § 841(a), it also extends to all elements of the offense, including drug quantity. Consequently, they claim that the district erred because the jury was not instructed to convict them only if it found that they intended to distribute a specific quantity of crack. Appellants' argument fails for two reasons. First, in the context of 21 U.S.C.A. § 841(b), this court has concluded that the statutory maximum sentence when drug quantity is not treated as an element of the crime is twenty years. *United States v. Promise*, ___ F.3d ___, ___, 2001 WL 732389, at *5 (4th Cir. June 29, 2001); 21 U.S.C.A. § 841(b)(1)(C). Coleman's 144-month sentence and Hughes' 235-month sentence each fall below the 240-month maximum in 21 U.S.C.A. § 841(b)(1)(C). Accordingly, the drug quantity did not have to be charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt, much less the *intent* to distribute a particular drug quantity. Second, "the § 841(b) sentencing provisions only require the government to prove that the offense 'involved' a particular type and quantity of controlled substance, not that the defendant knew he was distributing that particular type and quantity." *United States v. Sheppard*, 219 F.3d 766, 768 n.2 (8th Cir. 2000), *cert. denied*, ___ U.S. ___, 121 S. Ct. 1208 (Feb. 26, 2001) (No. 00-8160).

Appellants contend that the government created a fatal variance by introducing evidence of powder cocaine where the indictment alleged

---

[2]Appellants were charged with conspiracy, rather than a substantive drug offense. However, 21 U.S.C.A. § 846 provides that anyone conspiring to commit an offense under § 841, "shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy."

only a conspiracy to distribute crack. The evidence in this case showed that the conspiracy shifted from powder cocaine in its early days to the crack trafficking conspiracy charged in the indictment. Under the facts of this case, we find that there was no fatal variance. *United States v. Kennedy*, 32 F.3d 876, 883 (4th Cir. 1994).

In a related claim, Appellants argue that the court erred by failing to give an instruction on a single versus a multiple conspiracy. However, the district court gave the jury such an instruction—an instruction that was taken almost verbatim from Hughes' proposed multiple conspiracy instruction.

Next, Appellants argue that the court erred by disallowing expert legal testimony concerning the difference in penalties for powder cocaine and crack. They sought to introduce this testimony to show that some witnesses were motivated to testify against Appellants because, although these witnesses were involved in the crack conspiracy, they were able to plead to lesser charges. We find that the evidence of the actual penalties for powder cocaine and crack were not relevant, but rather that the only relevant matter was whether particular witnesses were motivated to testify against Appellants because they believed that they faced higher penalties for crack versus powder cocaine. Defense counsel had the opportunity to question witnesses about their plea arrangements and other motivation for testifying. We find no abuse of discretion in the district court's exclusion of expert testimony on the differing penalties for powder cocaine and crack. *United States v. Barnette*, 211 F.3d 803, 816 (4th Cir. 2000) (evidentiary rulings, including decision to admit or exclude expert testimony, reviewed for abuse of discretion).

Hughes testified that he had no involvement with drugs. After the defense had rested, the government presented rebuttal evidence that police found drug paraphernalia in the room where Hughes was arrested. On appeal, Hughes contends that the district court improperly allowed the government to introduce this evidence for the first time in rebuttal when Hughes no longer had an opportunity to explain his possession of these items. In light of Hughes' testimony denying involvement with drugs, we find that the district court did not abuse its discretion by allowing the government to present rebuttal evidence to dispute the claim. *Geders v. United States*, 425 U.S. 80, 86-87

(1976); *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 791 F.2d 288, 294 (4th Cir. 1986).

Hughes claims he was denied effective assistance of counsel because, inter alia, counsel failed to arrange for an expert to analyze and testify concerning the authenticity of a tape recording the government introduced at trial between a cooperating witness and Hughes as evidence that Hughes had obstructed justice by threatening a witness. Claims of ineffective assistance generally are not cognizable on direct appeal unless the record conclusively shows that counsel was ineffective. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). We decline to consider Hughes' ineffective assistance claims because we find that the record does not conclusively show that counsel was ineffective.

For these reasons, we affirm Appellants' convictions. We deny Hughes' pro se motion to remand the case to the district court to challenge the authenticity of the tape recording. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*