UNITED STATES of America,
Appellee,

v.

Bobby Dion WOODS, Appellant.

No. 01–1822.

United States Court of Appeals,
Eighth Circuit.

Submitted: Oct. 16, 2001.

Filed: Oct. 30, 2001.

Craig S. Hunter, Duluth, MN, for appellant.

Susan J. Nolting, Minneapolis, MN, for appellee.

BEFORE: McMILLIAN, BEAM, and HANSEN, Circuit Judges.

BEAM, Circuit Judge.

Defendant Bobby Dion Woods was convicted by a jury of conspiracy to distribute, and to possess with intent to distribute, over fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and of possession with intent to distribute over fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The jury acquitted Woods of three other drug counts. In addition to the drug amounts for which Woods was convicted, the district court[1] attributed to him, under a preponderance of the evidence standard, amounts associated with counts on which he was acquitted. He was sentenced under 21 U.S.C. § 841(b)(1)(A) to 210 months' imprisonment on each conviction, to be served concurrently.

Woods appeals his conviction and sentence, challenging the constitutionality of the statute under which he was convicted because it does not require the government to prove drug amount as an element of the offense and thereby violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and because the statute denies equal protection by punishing crack cocaine offenses more severely than offenses involving other forms of cocaine. He further contends that he was denied effective assistance of trial counsel and that his conviction was based on insufficient evidence. We find Woods' arguments to be without merit and affirm.

■ In *Apprendi,* the Supreme Court held that any fact other than a prior conviction that increases a penalty for a crime beyond the prescribed statutory maximum must be charged and proven beyond a reasonable doubt. 530 U.S. at 490, 120 S.Ct. 2348. We have found that *Apprendi* is satisfied where the indictment alleged drug quantity, the jury made a finding of drug quantity, and the district court sentenced the defendant consistent with that finding. *United States v. Sheppard,* 219 F.3d 766, 769 (8th Cir.2000), *cert. denied,* — U.S. —, 121 S.Ct. 1208, 149 L.Ed.2d 121 (2001). Sentences not exceeding the statutorily authorized range do not violate *Apprendi. United States v. Aguayo–Delgado,* 220 F.3d 926, 934 (8th Cir.), *cert. denied,* 531 U.S. 1026, 121 S.Ct. 600, 148 L.Ed.2d 513 (2000).

Here, Woods was indicted for and convicted of drug charges that specified drug quantities. Also, the provision under which he was sentenced provides a statutory maximum of life imprisonment, which his 210–month concurrent sentences are obviously well within. 21 U.S.C. § 841(b)(1)(A). Woods concedes as much, yet asserts that the statute under which he was convicted was facially unconstitutional because it requires no drug quantity to be proven.

In *Apprendi,* the Court was not concerned with statutory structure but with sentencing. *See* 530 U.S. at 490, 120 S.Ct.

---

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

2348. Sentencing pursuant to section 841(b)(1)(A) does require proof of drug quantity. *E.g., United States v. Bradford,* 246 F.3d 1107, 1113 (8th Cir.2001); *United States v. Nicholson,* 231 F.3d 445, 453 (8th Cir.2000). Woods' sentences do not transgress *Apprendi, see Sheppard,* 219 F.3d at 769, and we decline his invitation to revisit *Aguayo–Delgado, see United States v. Maynie,* 257 F.3d 908, 918 (8th Cir.2001) ("We are obligated to follow what the Supreme Court *has said,* not guess what it *might* say in the future."); *United States v. Reynolds,* 116 F.3d 328, 329 (8th Cir. 1997) ("One panel may not overrule another.").

█ Woods further argues that his sentences are improper because, at sentencing, the district court took into account drug amounts specified in charges of which he had been acquitted, holding him responsible for such quantities based on a preponderance of the evidence. However, "even acquitted conduct can be considered when determining a sentence under the Sentencing Guidelines, so long as that conduct has been proved ... by a preponderance of the evidence." *United States v. Madrid,* 224 F.3d 757, 762 (8th Cir.2000). We therefore reject this claim.

Next, Woods presents an equal protection challenge, arguing that 21 U.S.C. § 841(b) disparately punishes drug offenses involving crack cocaine as compared to those involving other cocaine forms. We have found this premise to be without merit on numerous occasions and do so here as well. *E.g., United States v. Patterson,* 258 F.3d 788, 791 (8th Cir.2001).

█ We also refrain from entertaining Woods' ineffective assistance of counsel claim at this stage. Except where a miscarriage of justice would obviously result or the outcome would be inconsistent with substantial justice, ineffective assistance of counsel issues are more appropriately raised in collateral proceedings because they normally involve facts outside the original record. *United States v. Martin,* 59 F.3d 767, 771 (8th Cir.1995). Here, Woods raised no claim of ineffective assistance of counsel in the district court, the record is undeveloped in this regard, and justice does not beckon us to consider his claim on direct review. *Id.* We consequently reject the claim without prejudice to his right to raise it in collateral proceedings. *Id.*

█ Finally, Woods challenges the sufficiency of the evidence underlying his conviction. He contends that he was convicted on evidence of his mere presence at drug-buy locations and that the only other evidence directly implicating him was testimony by the government's co-conspirator witness, which, Woods asserts, the jury rejected as incredible based on its acquitting him of other counts. When reviewing claims of insufficient evidence, we examine the evidence in a light most favorable to the government, giving the government the benefit of reasonable inferences, and reverse only if we conclude that a reasonable fact-finder must have entertained a reasonable doubt about the government's proof of an essential element of the offense. *United States v. Ivey,* 915 F.2d 380, 383 (8th Cir.1990).

A jury may acquit a defendant as to one or more charges for a variety of reasons, yet reasonably conclude that the defendant was guilty of other related charges. *Madrid,* 224 F.3d at 762. The fact that the jury acquitted Woods on charges seemingly supported by his co-conspirator's testimony does not nullify the value of that testimony *in toto.* We find the record adequately supports his conviction.

The conviction and sentences are affirmed.