# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3557

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of North Dakota. |
| | * | |
| Joseph Eugene Haff, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  June 11, 2002

Filed:  June 20, 2002

_____

Before BOWMAN, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

Joseph Eugene Haff pleaded guilty to possession of more than 50 grams of methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Haff raises three issues in his appeal from the sentence imposed by the district court.[*]

_____

[*]The Honorable Rodney S. Webb, Chief United States District Judge for the District of North Dakota.

First, Haff contends the sentencing scheme in 21 U.S.C. § 841(b) is unconstitutional. We disagree. Haff's argument is foreclosed by our decision in United States v. Woods, 270 F.3d 728, 729-30 (8th Cir. 2001), cert. denied 122 S.Ct. 1342 (2002). Second, Haff claims the indictment was flawed because it did not plead the earlier felony convictions which the district court used to enhance Haff's sentence. Again, we disagree. We do not require that earlier felony convictions be pleaded and proved beyond a reasonable doubt for those convictions to be considered at sentencing. United States v. Abernathy, 277 F.3d 1048, 1050 (8th Cir. 2002), petition for cert. filed, (U.S. Apr. 19, 2002) (No. 01-9788). Finally, Haff contends the sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000), because the indictment did not allege the quantity and purity of the methamphetamine, yet the district court considered these factors during sentencing. We find, however, that the indictment alleged Haff "possessed with intent to distribute 50 grams or more of actual methamphetamine" and Haff stipulated to this level of quantity and purity when he entered his guilty plea. Further, although Haff's earlier convictions increase the statutory maximum sentence, "the use of drug quantity at sentencing will not conflict with Apprendi so long as it results in a sentence within the § 841(b)(1)(C) maximum." United States v. Sheppard, 219 F.3d 766, 768 (8th Cir. 2000). Haff's 156 month (13 year) sentence is well within the statutory 30 year maximum.

For the reasons stated above, we affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.