# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2857

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jaoquin David Caballero, also known | * | Northern District of Iowa. |
| as David, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 6, 2004

Filed: April 15, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Jaoquin David Caballero appeals his conviction and sentence imposed by the district court[1] after a jury found him guilty of conspiring to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. § 846, and knowingly and intentionally distributing or aiding and abetting the distribution of approximately 218.93 grams of methamphetamine, in violation of 21 U.S.C.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

§ 841(a)(1). Caballero's counsel has filed a motion to withdraw and a brief under Anders v. California, 386 U.S. 738 (1967), arguing the district court erred in basing Caballero's relevant drug quantity on a co-conspirator's uncorroborated testimony.

We conclude that the district court did not clearly err in determining the drug quantity attributable to Caballero. See United States v. Santana, 150 F.3d 860, 864 (8th Cir. 1998) (determination of drug quantity is reviewed for clear error). The trial testimony from a special agent and one of Caballero's co-conspirators, which the district court was entitled to credit, amply supports the court's drug-quantity finding. See Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985) (findings based on credibility determinations are virtually never clear error); United States v. Sarabia-Martinez, 276 F.3d 447, 450 (8th Cir. 2002) (sentencing court may determine drug quantity based on testimony of co-conspirator alone); United States v. Patterson, 258 F.3d 788, 790-91 (8th Cir. 2001) (court may consider drug transactions which were part of regular pattern or scheme of drug activity); United States v. Padilla-Pena, 129 F.3d 457, 467-68 (8th Cir. 1997) (sentencing judge who presided over trial was entitled to base findings of fact on trial record).

We have carefully reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____