# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3119

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Damarius Asim Simmons, also known | * | Northern District of Iowa |
| as D-Mac, also known as "D," | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 14, 2004
Filed: June 14, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Damarius Simmons appeals from the final judgment entered in the District Court[1] for the Northern District of Iowa upon his guilty plea to conspiring from at least early 1996 until December 2001 to distribute--within 1,000 feet of a protected location--crack cocaine, a mixture containing cocaine, and a mixture containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), 846, and 860. The district court sentenced appellant to 360 months imprisonment and 10 years

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

supervised release. For reversal, appellant argues the district court (1) violated Fed. R. Crim. P. 32 by failing to resolve his objections to the presentence report's (PSR's) drug quantity determination, and (2) clearly erred in holding him responsible for 1.5 kilograms or more of crack cocaine, an amount that included 141.75 grams of crack cocaine appellant bought from Dontarell Berry in 1993-94, 35.44 grams appellant bought from Justin Cole in 2001-02, and an extra kilogram "the Clique" (appellant's co-conspirators) had distributed. For the reasons discussed below, we affirm the judgment of the district court.

We hold that the district court satisfied Rule 32, because the district court ruled on the controverted matter of drug quantity, and did so without considering as evidence the challenged statements in the PSR. See Fed. R. Crim. P. 32(i)(3)(B). The district court clarified that it was holding Simmons responsible for the more than 500 grams he personally had distributed plus an extra kilogram that the Clique had distributed. In so holding, the district court explicitly relied on Simmons's grand jury testimony and debriefing, as well as testimony the district court had received during the trial of one of Simmons's co-conspirators. See United States v. Fetlow, 21 F.3d 243, 249-50 (8th Cir.), cert. denied, 513 U.S. 977 (1994).

We also conclude that the district court did not clearly err in its drug quantity determination. See United States v. Santana, 150 F.3d 860, 864 (8th Cir. 1998) (standard of review). Simmons did not object to the PSR's statements that he had conspired with the Clique to distribute crack cocaine from 1993-2001 and that Berry had at times supplied the Clique with crack cocaine. In his debriefing statement Simmons admitted buying 141.75 grams of crack cocaine from Berry in 1993-94. See U.S.S.G. § 1B1.3(a)(2) (relevant conduct includes acts that were part of same course of conduct or common scheme or plan as offense of conviction); United States v. Patterson, 258 F.3d 788, 790-91 (8th Cir. 2001) (court may consider drug transactions that were part of regular pattern or scheme of drug activity); United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993) (district court may accept as true all unchallenged

factual statements in PSR); cf. United States v. Geralds, 158 F.3d 977, 979 (8th Cir. 1998) (finding that similar drug transaction 18 months before offense of conviction was relevant conduct because "both transactions were part of a regular pattern of drug distribution"), cert. denied, 526 U.S. 1031 (1999). Also, Simmons testified before a grand jury that in 2001-02 Cole had sold him the equivalent of at least 35.44 grams of crack cocaine. See United States v. Symonds, 260 F.3d 934, 936 (8th Cir. 2001) (court may rely on defendant's drug quantity estimates).

Finally, we hold that the district court did not clearly err in holding Simmons responsible for a kilogram of the more than 6 kilograms of crack cocaine the Clique had distributed, based on Simmons's personal involvement with the Clique and the home out of which the Clique had operated. See U.S.S.G. § 1B1.3(a)(1)(B) (relevant conduct includes, in case of jointly undertaken criminal activity, all reasonably foreseeable acts and omissions of others in furtherance of jointly undertaken criminal activity); United States v. Adipietro, 983 F.2d 1468, 1479 (8th Cir. 1993).

Accordingly, we affirm.

_____