# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3119

_____

United States of America,       *
       *
       Appellee,       *
       *   Appeal from the United States
       v.       *   District Court for the
       *   Northern District of Iowa.
Damarius Asim Simmons, also       *
known as D-Mac, also known as "D,"       *   [UNPUBLISHED]
       *
       Appellant.       *

_____

Submitted: June 30, 2005
Filed: February 1, 2006

_____

Before BYE, MCMILLIAN,[1] and RILEY, Circuit Judges.

_____

PER CURIAM.

Damarius Asim Simmons (Simmons) pled guilty to conspiring to distribute, within 1,000 feet of a protected location, crack cocaine, a mixture containing cocaine, and a mixture containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1) - (b)(1), 846, and 860. Pursuant to the United States Sentencing Guidelines (Guidelines),

_____

[1]The Honorable Theodore McMillian died on January 18, 2006. This opinion is being filed by the remaining judges of the panel pursuant to Eighth Circuit Rule 47E.

which were mandatory at the time of sentencing, the district court[2] sentenced Simmons to 360 months' imprisonment, the bottom of the calculated sentencing range of 360 months' to life imprisonment. On appeal, we affirmed Simmons's convictions and sentence. United States v. Simmons, 100 F. App'x 600 (8th Cir. 2004), vacated, 125 S. Ct. 1018 (2005). Simmons then filed a petition for a writ of certiorari in the United States Supreme Court, which the Court granted on January 24, 2005. The Court vacated our judgment and remanded the case to us for further consideration in light of the Court's decision in Booker v. United States, 543 U.S. 220, 125 S. Ct. 738 (2005). Simmons v. United States, 125 S. Ct. 1018 (2005).

Because Simmons did not raise any Sixth Amendment issue or object to the application of mandatory Guidelines during sentencing, we review his sentence for plain error. See United States v. Pirani, 406 F.3d 543, 548-49 (8th Cir.) (en banc), cert. denied, 126 S. Ct. 266 (2005).

While the district court plainly erred in sentencing Simmons under a mandatory Guidelines scheme, we conclude the error was not prejudicial because the record does not establish a reasonable probability Simmons would have received a more favorable sentence under an advisory Guidelines scheme. See id. at 550-53. Although the district court sentenced Simmons at the bottom of the calculated sentencing range, we have repeatedly recognized "[a] sentence at the bottom of the Guideline range 'is insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence absent the Booker error.'" United States v. Barth, 424 F.3d 752, 765 (8th Cir. 2005) (quoting Pirani, 406 F.3d at 553). See, e.g., United States v. Martinez-Noriega, 418 F.3d 809, 814 (8th Cir. 2005). Furthermore, the record suggests the district court would not have imposed a lesser sentence. The district court denied a downward departure for overstated criminal history, and noted

---

[2]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

there was "a very high likelihood of recidivism," Simmons had "shown violent tendencies in his criminal history," and other courts' efforts to show leniency to Simmons had "not deterred [him] from his criminal conduct." Because the district court's statements do not support a finding of prejudice, we conclude Simmons has not demonstrated plain error warranting relief.

We also find the sentence is not unreasonable. See Booker, 543 U.S. at ___, 125 S. Ct. at 765-66 (appellate courts now review sentences for unreasonableness; 18 U.S.C. § 3553(a) sets forth factors that guide sentencing and in turn will guide appellate courts in determining whether a sentence is unreasonable).

Therefore, we reaffirm Simmons's convictions and sentence.

_____