# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1430

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Ricardo Sandoval-Cerrantes, also | * | |
| known as Ruben Sandoval, also known | * | [UNPUBLISHED] |
| as Ruben Murguia, also known as | * | |
| Thomas Johnson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 5, 2007
Filed: January 17, 2007

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Ricardo Sandoval-Cerrantes (Cerrantes) appeals the 96-month prison sentence the district court[1] imposed after he pleaded guilty to being an illegal alien found in the United States, in violation of 8 U.S.C. § 1326(a). His counsel has moved to withdraw, and in a brief filed under *Anders v. California*, 386 U.S. 738 (1967), he argues that

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

Cerrantes's sentence--at the top of the advisory Guidelines range--is unreasonable. In a pro se motion, Cerrantes moves for appointment of new counsel.

We cannot say that Cerrantes's sentence was unreasonable. The court specifically declined to impose a more lenient sentence because of Cerrantes's history and characteristics, namely, his troubling criminal history; and counsel has not succeeded in rebutting the presumption of reasonableness that attaches to a sentence imposed within the advisory Guidelines range. *See* 18 U.S.C. § 3553(a)(1) (sentencing factors); *United States v. Long Soldier*, 431 F.3d 1120, 1123 (8th Cir. 2005) (relevant inquiry is whether court actually considered § 3553(a) factors and whether appellate court's review of those factors leads it to conclude that they support finding of reasonableness); *United States v. Lincoln*, 413 F.3d 716, 717-18 (8th Cir.) (sentence within Guidelines range is presumptively reasonable; defendant bears burden to rebut presumption of reasonableness), *cert. denied*, 126 S. Ct. 840 (2005).

In his pro se motion Cerrantes appears to raise claims of an involuntary guilty plea and ineffective assistance of counsel, neither of which is properly before us in this direct criminal appeal. *See United States v. Woods*, 270 F.3d 728, 730 (8th Cir. 2001); *United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998). Further, having carefully reviewed the record in accordance with *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issues.

Accordingly we affrim the judgment, grant counsel's motion to withdraw, and deny Cerrantes's pro se motion for appointment of new counsel.

_____