# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1323

_____

United States of America,                    *
                                              *
            Plaintiff - Appellee,             *
                                              *   Appeal from the United States
      v.                                      *   District Court for the District
                                              *   of Minnesota.
Elio Hernandez, also known as                 *
Marcos, also known as Marco, also             *   [UNPUBLISHED]
known as Christian Hernandez-Seldana,         *
                                              *
            Defendant - Appellant.            *

_____

Submitted: November 19, 2009
Filed: December 10, 2009

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Elio Hernandez pled guilty to conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin and a detectable amount of cocaine. 21 U.S.C. §§ 841(a)(1), (b)(1)(A). At sentencing, the district court[1] found Hernandez had a criminal history category III based on two prior convictions and a total offense level of 39, which resulted in an advisory guideline range of 324-405 months. The court

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

denied Hernandez's motion for a downward departure based on his claim that his criminal history was overstated and sentenced him to 360 months. Hernandez appeals his sentence. We affirm.

Hernandez asserts that the district court erred in determining that he was responsible for more than 30 kilograms of heroin when calculating his base offense level. Specifically Hernandez argues that the court's determination was based on speculation and unreliable testimony. We review the district court's factual finding of drug quantity for clear error and "will reverse a determination of drug quantity only if the entire record definitely and firmly convinces us that a mistake has been made." United States v. Minnis, 489 F.3d 325, 329 (8th Cir. 2007).

At the sentencing hearing, the lead federal agent in the investigation testified that Hernandez's drug trafficking organization had sold between 15 and 30 kilograms of heroin per year for two to three years. A second agent testified about the drug transactions he overheard while monitoring Hernandez's business telephone. The government also presented the testimony of five of Hernandez's customers and two codefendants, all of whom testified about the frequency and quantity of the drug transactions by his organization. See United States v. Sarabia-Martinez, 276 F.3d 447, 450 (8th Cir. 2002) (sentencing court may determine drug quantity based on testimony of coconspirator alone); United States v. Patterson, 258 F.3d 788, 790-91 (8th Cir. 2001) (court may consider drug transactions which were part of regular pattern or scheme of drug activity). A conservative drug quantity estimate drawn from the witnesses' testimony falls well above the 30 kilogram quantity used to establish Hernandez's base offense level. We conclude that the district court did not clearly err in finding the drug quantity attributable to Hernandez.

Hernandez also argues that the district court abused its discretion by declining to grant a downward departure based on his overstated criminal history. We have consistently held that a district court's decision not to depart downward is

"unreviewable unless the district court had an unconstitutional motive or erroneously thought that it was without authority to grant the departure." United States v. Phelps, 536 F.3d 862, 868 (8th Cir. 2008). Hernandez does not allege an unconstitutional motive and concedes that the district court recognized its authority to depart downward from the applicable guidelines range. Accordingly, the court's decision not to depart downward is unreviewable. The record reflects that the district court committed no procedural error and imposed a reasonable sentence.

Accordingly, the judgment of the district court is affirmed.

_____