**F I L E D**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENEE CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ULISES CABRERA TAMAYO,

      Defendant - Appellant.

No. 04-2307
(D.C. Nos. CIV-04-1061; CR-02-539)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Defendant-Appellant Ulises Cabrera Tamayo petitioned the district court

for a reduction in his sentence. We agree with the district court's disposal of

Tamayo's primary argument, but find that he also raised an equal protection claim

that was not addressed by the district court. However, that claim is properly

raised only in a motion pursuant to 28 U.S.C. § 2241, a motion which the district

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court lacked jurisdiction to consider. Thus we DENY Tamayo's request for a certificate of appealability on his primary argument and REMAND to the district court with instructions to dismiss the equal protection claim for lack of jurisdiction.

## BACKGROUND

Tamayo was convicted of distribution of a controlled substance and sentenced to 70 months imprisonment. He alleges that his status as a deportable alien means that, during his time in prison, he is ineligible for certain programs that citizen prisoners may be entitled to, such as serving his sentence in a minimum security prison or spending a portion of his sentence in a halfway house or in home confinement. Tamayo filed a "Petition for Adjustment of Sentence" with the district court, arguing that these "collateral consequences" of his status as a deportable alien provide the basis for a reduction in his sentence.

The district court treated Tamayo's petition as a motion attacking his sentence pursuant to 28 U.S.C. § 2255. The court noted that the case Tamayo cited in support of his argument, United States v. Restrepo, 802 F. Supp. 781 (E.D.N.Y. 1992), had been vacated by the Second Circuit, see United States v. Restrepo, 999 F.2d 640 (2d Cir. 1993). The district court also noted that this court has agreed with the reasoning of the Second Circuit that collateral consequences of deportable alien status such as those cited by Tamayo do not

- 2 -

provide grounds for a downward departure of a defendant's sentence. See <u>United States v. Mendoza-Lopez</u>, 7 F.3d 1483, 1487 (10th Cir. 1993), <u>impliedly overruled on other grounds by</u> <u>United States v. Fagan</u>, 162 F.3d 1280 (10th Cir. 1998). Therefore, the district court dismissed Tamayo's petition. The district court also denied Tamayo's request for a certificate of appealability ("COA"). Tamayo noticed his appeal to this court; we construe this notice of appeal as a renewed request for a COA. See Fed. R. App. P. 22(b)(2).

## DISCUSSION

Reading Tamayo's pro se petition liberally, see <u>Price v. Philpot</u>, 420 F.3d 1158, 1162 (10th Cir. 2005), he raises two independent claims: a claim for a reduction in his sentence due to his deportable alien status and an equal protection challenge based on the fact that his status as a deportable alien subjects him to a more severe sentence than a U.S. citizen in the same position. The first claim was raised in a much more clear and direct manner than the second, thus the district court understandably addressed only the first in dismissing his petition. We discuss both claims in turn.

### *Reduction in Sentence*

This claim was properly treated as a § 2255 motion, thus Tamayo needs a COA if he is to pursue the claim further. See 28 U.S.C. § 2253(c)(1)(B). In order for a COA to issue, "a habeas prisoner must make a substantial showing of

the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). We agree with the district court that Tamayo's request for a downward departure based on the "collateral consequences" of his status as a deportable alien has been foreclosed by the Second Circuit's decision in Restrepo and our decision in Mendoza-Lopez, and thus there is no debate whether his petition should have been resolved in a different manner.[2] We therefore deny his request for a COA on this issue.

### *Equal Protection*

Tamayo raised an equal protection claim in his petition by stating that "Petitioner's status [as a deportable alien] places (sic) Petitioner to serve his sentence under circumstances more severe than those facing citizens of the United States under similar or exact circumstances." However, this claim is properly brought under 28 U.S.C. § 2241, rather than under § 2255, because it concerns the execution of his sentence. See McIntosh v. United States Parole Comm'n, 115

---

[2]Even if the district court's Restrepo decision had been upheld, it stood only for the proposition that a sentencing court may, in its discretion, grant a downward departure during sentencing based on the collateral consequences of alienage. 802 F. Supp. at 790. A sentencing court having that discretion in no way suggests that a habeas petitioner is entitled to a reduction in sentence.

- 4 -

F.3d 809, 811 (10th Cir. 1997). Thus we treat Tamayo's petition as, in part, a §

2241 habeas petition. See Santillanes v. United States Parole Comm'n, 754 F.2d

887, 888 n.1 (10th Cir. 1985).

Although a federal prisoner does not need a COA to appeal the denial of a

§ 2241 motion, see Bledsoe v. United States, 384 F.3d 1232, 1235 (10th Cir.

2004), "[a] petition under 28 U.S.C. § 2241 . . . must be filed in the district where

the prisoner is confined," Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir.

2000). Moreover, habeas jurisdiction attaches on the initial filing of the § 2241

petition—that is, a prisoner must file his § 2241 motion in the district where he is

confined at the time of the filing. See Santillanes,754 F.2d at 888. At the time of

filing, Tamayo was incarcerated at the Eden Detention Center in Eden, Texas, but

he filed his petition in the district court for the District of New Mexico. That

court lacked jurisdiction to consider his claim for § 2241 relief.

We have held that "[j]urisdictional defects that arise when a suit is filed in

the wrong federal district may be cured by transfer under the federal transfer

statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the

transfer is in the interest of justice." Haugh, 210 F.3d at 1150 (10th Cir. 2000)

(quotations omitted). However, "a court is authorized to consider the

consequences of a transfer by taking a peek at the merits to avoid raising false

hopes and wasting judicial resources that would result from transferring a case

- 5 -

which is clearly doomed." Id. (quotations omitted). Our "quick look" at the merits of Tamayo's equal protection claim convinces us that his argument is without merit.

"[T]he federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis." Soskin v. Reinertson, 353 F.3d 1242, 1254 (10th Cir. 2004) (citing Matthews v. Diaz, 426 U.S. 67, 78-83 (1976)). The courts that have considered claims similar to Tamayo's have reasoned that denying deportable aliens the opportunity to participate in certain pre-release programs does not violate equal protection. See, e.g., Lizarraga-Lopez v. United States, 89 F. Supp. 2d 1166, 1169 (S.D. Cal. 2000).[3] We agree with the decisions of these courts—there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement. As Tamayo's claim lacks merit, we decline to transfer the action.

**CONCLUSION**

---

[3]Most of the decisions addressing this issue are unpublished. United States v. Benitez, 2004 WL 2414798 (D.Or. Oct. 25, 2004); United States v. Nguyen, 2000 WL 1133055 (D. Or. Aug. 10, 2000); Ruiz-Loera v. United States, 2000 WL 33710839 (D. Utah June 23, 2000); United States v. Acevedo, 2000 WL 764563 (D. Kan. May 26, 2000); Palafox-Barajas v. United States, 1999 WL 1338451 (S.D. Cal. Dec. 8, 1999). However, as noted, we agree with their reasoning.

- 6 -

For the foregoing reasons, we DENY Tamayo's request for a COA on his claim for a reduction in sentence. Further, as the district court lacked jurisdiction to consider Tamayo's equal protection claim, we REMAND to the district court with instructions to dismiss that claim without prejudice to his reasserting it in the proper forum.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge