FILED
United States Court of Appeals
Tenth Circuit

November 15, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAKUB LONSKI,

      Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent - Appellee.

No. 11-2162
(D.C. No. 1:11-CV-00569-LH-RHS)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.[**]

Jakub Lonski, an inmate appearing pro se and in forma pauperis, appeals

from the judgment dismissing his "motion for adjustment of sentence pursuant to

a habeas petition 28 U.S.C. § 2241." 1 R. 22. Mr. Lonski claims Canadian

citizenship, and is being held by the Bureau of Prisons at the Cibola County

Correctional Center in Milan, New Mexico. 1 R. 6. He was convicted of a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

federal drug-related offense in the Central District of California and sentenced to a term of imprisonment of 42 months. 1 R. 6. Before the district court, he claimed that his alien status, which rendered him ineligible for certain benefits including drug-treatment programs and residential re-entry programs, made his sentence more "harsh" than the ones imposed on citizen-prisoners. R. 6-7. He also argued that his due-process rights were infringed insofar as he will be held, upon the discharge of his sentence, by the Immigration and Customs Enforcement division of the Department of Homeland Security; he claims this effectively lengthens his sentence. 1 R. 9. He asked the court to "[reduce] his sentence by six months" and to "order Immigration and Customs Enforcement to . . . [take] possession of petitioner within 180 days of this writ." 1 R. 10.

The district court correctly held that it has no jurisdiction to alter a sentence imposed by another court unless Congress has expressly authorized such action. See United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006). The court also held that his contentions were foreclosed by the rationale in United States v. Tamayo, 162 Fed. Appx. 813 (10th Cir. 2006). There we observed that the federal government may distinguish between aliens and citizens upon a rational basis, and declared that "there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement." Id. at 816. We note only that Mr.

- 2 -

Lonski attacked both the execution of this sentence (denial of access to programs) and the sentence itself (length), and that the latter is properly considered under 28 U.S.C. § 2255, not 28 U.S.C. § 2241. McIntosh v. U.S. Parole Com'n, 115 F.3d 809, 811 (10th Cir.1997). Tamayo is unpublished and not precedential, but may be considered for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

On appeal, however, Mr. Lonski has changed his argument. He now claims that he should be given a hearing in the Department of Justice's Institution Hearing Program, which allows inmates to complete deportation proceedings during imprisonment so that Immigration and Customs Enforcement can deport them immediately upon release. Aplt Br. 3; Aplt. Rep. Br. 2.[1] Mr. Lonski contends that he is being denied access to the program and that this (1) forces him to remain in the custody of the immigration authorities after his sentence is served; and (2) results in treatment different from similarly situated *aliens*. Aplt. Br. 3; Aplt. Rep. Br. 2. He emphasizes that he is not comparing his situation to that of citizen-inmates, but to that of other inmates subject to deportation. Aplt. Br. 4. He no longer seeks a sentence reduction, but asks to be allowed to sign a

---

[1] Mr. Lonski filed a "motion for appeal from district court decision," received on August 8, 2011, which the clerk construed as a notice of appeal. Subsequently Mr. Lonski filed a handwritten "Appellant/Petitioner's Opening Brief," docketed on August 29, 2011. His answer brief was docketed on October 24, 2011. We treat the last two as his primary and answer briefs.

"stipulated order of removal" or to receive "an IHP hearing." Id. This court generally declines to consider arguments first raised on appeal, Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007); we decline to do so here.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge