FILED
United States Court of Appeals
Tenth Circuit

December 19, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN CARLOS GUTIERREZ,

Defendant - Appellant.

No. 12-3168

D. Kansas

(D.C. No. 6:10-CR-10152-EFM-2)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant, Juan Carlos Gutierrez, seeks to appeal his conviction and sentence following his plea of guilty to one count of conspiracy to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

His appointed counsel, Stephen W. Kessler, has filed an <u>Anders</u> brief and has

moved to withdraw as counsel.  <u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967).

Mr. Gutierrez has filed a *pro se* brief in response to counsel's brief, and the

government has declined to file a brief.  We therefore base our conclusion on

counsel's brief, Mr. Gutierrez's brief, as well as our own careful review of the

record.  For the reasons set forth below, we agree with Mr. Kessler that the record

in this case provides no nonfrivolous basis for an appeal, and we therefore grant

his motion to withdraw and dismiss this appeal.


### BACKGROUND

Following his arrest, Mr. Gutierrez filed a motion to suppress statements he

had made during questioning.  He claimed that he had asked to speak with an

attorney prior to being interviewed, and that he asked again during the interview,

but his requests were denied.  A recording of the interview, which was admitted

into evidence, did not reveal any such requests from Mr. Gutierrez.  Mr. Gutierrez

claimed that his requests had been made while the tape recorder was, for some

reason, turned off.  The district court denied the motion to suppress, concluding

that Mr. Gutierrez's statements were not made involuntarily nor were they

obtained in violation of his constitutional rights.

Mr. Gutierrez subsequently pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute drugs (primarily methamphetamine). He was sentenced to ninety-eight months' imprisonment, followed by five years of supervised release. In the Plea Agreement, the government agreed, *inter alia*, to "not object to reductions for 'safety valve' if the defendant qualifies for each component of the reductions." Plea Agmt. at 3, R. Vol. 1 at 99. Mr. Gutierrez agreed to waive any right to "appeal or collaterally attack any matter in connection with this prosecution, [his] conviction, or the components of the sentence." Plea Agmt. at 8. Further, Mr. Gutierrez waived "the right to appeal the sentence imposed in this case except to the extent, if any, the Court departs upwards from the applicable sentencing guideline range determined by the Court." Id.

In preparation for sentencing under the advisory United States Sentencing Commission, Guidelines Manual ("USSG"), the United States Probation Department prepared a presentence report ("PSR"). The PSR assessed a total offense level of 31, after a reduction for acceptance of responsibility. With no criminal history, Mr. Gutierrez was assessed an initial advisory Guideline range of 108 to 135 months. Because there was an applicable statutory mandatory minimum of ten years, Mr. Gutierrez's Guidelines range sentence was ultimately calculated to be 120 to 135 months.

Mr. Gutierrez filed objections to the PSR. He alleged error in the PSR's failure to apply the safety-valve provisions to permit a reduction of his sentence below the statutory minimum. 18 U.S.C. § 3553(f); USSG § 5C1.2. He also objected to the denial of an adjustment for his role in the offense, which he claims was minor. The probation officer disagreed with Mr. Gutierrez's position on both issues.

At the sentencing hearing, Mr. Gutierrez again objected to the failure to award him a reduction in his sentence for being a minor participant and for failing to find him eligible for safety-valve relief. The government responded that he was not entitled to application of the safety-valve because he had not given truthful testimony during the hearing on his motion to suppress the statements he had made. Specifically, the government argued that Mr. Gutierrez had made untruthful statements regarding a recorded interview which occurred after he was arrested.

At the conclusion of the sentencing hearing, the district court found that Mr. Gutierrez "barely" met the criteria for application of the safety-valve provision and was therefore eligible for a sentence below the ten-year statutory minimum. The court then calculated his advisory Guidelines range as 87 to 108 months and sentenced him to ninety-eight months. The court denied any reduction for being a minor participant, stating, "I don't think it's a close call with respect to minor participation. I do not think this defendant in any way

performed a minor role or played a minor role in this case." Tr. of Sentencing Hr'g, R. Vol. 3 at 232.

Mr. Gutierrez filed a *pro se* notice of appeal. As indicated, his appointed counsel has moved to withdraw as counsel pursuant to Anders. Mr. Gutierrez then filed a long *pro se* brief responding to his counsel's motion to withdraw and asserting a number of arguments for appeal.

## BACKGROUND

In Anders, the Supreme Court held that if a defendant's counsel "finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Anders, 386 U.S. at 744. Counsel must submit to both the court and his client a "brief referring to anything in the record that might arguably support the appeal." Id. The defendant may then "raise any points that he chooses." Id.

The reviewing court must examine all the proceedings to determine whether the appeal is frivolous. Id. If the court so finds, it may grant defense counsel's request to withdraw and dismiss the appeal. Id. "On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) [the reviewing court] must, prior to decision, afford the indigent [defendant] the assistance of counsel to argue the appeal." Id.

**I. Defense Counsel's Arguments**

Mr. Gutierrez's counsel suggests the only possible claims he could raise on appeal relate to the denial of Mr. Gutierrez's motion to suppress and whether the government breached the Plea Agreement.[1]

**A. Motion to Suppress**

"In reviewing the denial of a motion to suppress, we accept the district court's factual findings unless clearly erroneous and we view the evidence in the light most favorable to those findings." United States v. Guardado, 699 F.3d 1220, 1222 (10th Cir. 2012). "Judging the credibility of the witnesses, determining the weight to be given to evidence, and drawing reasonable inferences and conclusions from the evidence are within the province of the district court." United States v. Hunnicutt, 135 F.3d 1345, 1348 (10th Cir. 1998).

Following his arrest, Mr. Gutierrez was questioned by police officers and admitted his involvement in the methamphetamine conspiracy. He then moved to

---

[1]We note that Mr. Gutierrez agreed, in the Plea Agreement, to waive his right to appeal either his conviction or sentence, unless the district court departed upward in sentencing him. We have stated, however, that the government "may be deemed itself to waive a defendant's appeal waiver if the Government does not assert a motion to enforce the plea agreement or seek to enforce that agreement in its appellate brief." United States v. White, 584 F.3d 935, 947 n.5 (10th Cir. 2009) (citing United States v. Hahn, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam)); see also United States v. Smith, 500 F.3d 1206, 1210 n.1 (10th Cir. 2007) ("We have made clear . . . that the government preserves its right to enforce a plea agreement when it files a motion to enforce the agreement *or* seeks enforcement in its brief."). The government has not filed a motion to enforce the agreement, nor has it filed a brief in this case; we accordingly assume that it has waived any right to enforce Mr. Gutierrez's appellate waiver.

suppress that statement, arguing that he had requested counsel after he was informed of his right to an attorney. The interview was recorded, but the recording revealed no such request by Mr. Gutierrez for an attorney. Mr. Gutierrez testified at the hearing on the motion to suppress that his requests must have been made when the recorder was turned off. The district court specifically found that his testimony was not credible:

> During the hearing [on the motion to suppress], Gutierrez testified that he . . . requested an attorney, but was denied. The Court does not find this testimony credible. First, the taped recording of the interview does not reveal that such a request was made. Second, Gutierrez's claim that he asked for an attorney while the recorder was off is too incredible to be believed.

Mem. & Order at 17 n.41, R. Vol. 1 at 81. The district court accordingly did not err in denying Mr. Gutierrez's motion to suppress the statements made during the interview.

We agree with defense counsel that there is no nonfrivolous ground for attacking the court's decision.

### B. Plea Agreement

In the Plea Agreement, the government agreed not to make an objection to the application of the safety-valve provision to Mr. Gutierrez's sentence. Yet, at sentencing, the government made such an objection. Thus, defense counsel suggests that there was an arguable breach of the Plea Agreement.

"Where the Government obtains a guilty plea which is predicated in any significant degree on a promise or agreement with the U.S. Attorney, such promise or agreement must be fulfilled to maintain the integrity of the plea." United States v. Bullcoming, 579 F.3d 1200, 1205 (10th Cir. 2009) (quoting United States v. Villa-Vazquez, 536 F.3d 1189, 1196 (10th Cir. 2008) (further quotations omitted)). Because Mr. Gutierrez failed to argue in the district court that the government had breached the Plea Agreement, we review the alleged breach for plain error. Id. Mr. Gutierrez cannot prevail "unless he establishes that the district court committed error, the error was plain, and the error affected his substantial rights." Id. (quoting United States v. Dryden, 563 F.3d 1168, 1170 (10th Cir. 2009)). "Even then we possess discretion with respect to granting relief, depending on our assessment of whether the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." Id.

The government agreed, in the Plea Agreement, "to not object to reductions for 'safety valve' if the defendant qualifies for each component of the reductions." Plea Agreement at ¶ 5(c), R. Vol. 1 at 99 (emphasis added). The safety-valve provision allows the district court to issue a sentence below the guideline range if it finds that:

> (1) [the defendant] does not have more than one criminal history point; (2) he did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) he

was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise; and (5) not later than the time of the sentencing hearing, he has truthfully provided to the Government all information and evidence he has concerning the offense that were part of the same course of conduct or of a common scheme or plan.

United States v. Cervantes, 519 F.3d 1254, 1256 (10th Cir. 2008) (citing 18 U.S.C. § 3553(f); USSG § 5C1.2)).

There apparently was no dispute that Mr. Gutierrez met the first four criteria for a safety-valve reduction; the disputed issue was compliance with the fifth element—truthfully providing to the government "all information and evidence . . . concerning the offense that were part of the same course of conduct or of a common scheme or plan." Id. Defense counsel suggests that there is a plain error here, obvious on the record, because the government objected at sentencing to a safety valve reduction not because of a failure to comply with the fifth element (as required by the Plea Agreement), "but rather because the government believed the appellant had not testified truthfully at the hearing on [the] motion to suppress." Appellant's Br. at 11. As defense counsel points out, Mr. Gutierrez could demonstrate no prejudice or encroachment on his substantial rights by this claimed breach of the Plea Agreement, because he did, in fact, receive a safety valve adjustment and was sentenced below the statutory mandatory minimum.

Thus, even assuming we were to agree that Mr. Gutierrez could demonstrate an error by the district court in permitting a breach of the Plea Agreement, there is absolutely no doubt that Mr. Gutierrez suffered no prejudice or adverse effects therefrom. Accordingly, there are no nonfrivolous grounds relating to the Plea Agreement on which to base an appeal from Mr. Gutierrez's conviction or sentence. We turn now to the arguments Mr. Gutierrez himself makes in response to his counsel's Anders brief.

## II. Mr. Gutierrez's Response

In his response to defense counsel's Anders brief and request to withdraw, Mr. Gutierrez has filed a *pro se* brief in which he makes a number of arguments he claims require the reversal of his conviction.[2] We address each in turn, explaining why none provides a nonfrivolous basis on which to appeal.

### A. Voluntariness of Guilty Plea; Compliance with Rule 11

Mr. Gutierrez argues that the district court failed to properly advise him of his "constitutional and Rule 11 rights," with the result that his guilty plea was "unknowing and unvoluntary." Appellant's Anders Resp. Br. at 3. Mr. Gutierrez agrees that this issue should be governed by a plain error standard of review,

---

[2]We note with interest that Mr. Gutierrez's *pro se* Response brief consists of forty-six typed pages, replete with complex legal arguments and citations, some of which have no application to his case. Additionally, we observe that the brief writer apparently believes that he is arguing before the Eleventh Circuit, not the Tenth Circuit.

given that he failed to object to the claimed error when he pled guilty. United States v. Landeros-Lopez, 615 F.3d 1260, 1263 (10th Cir. 2010). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

The third plain error element requires the defendant to prove that Rule 11 noncompliance affected his substantial rights. To do so, Mr. Gutierrez "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez-Benitez, 542 U.S. 74, 83 (2004).

Mr. Gutierrez argues that, during the "plea proceeding[,] [h]e was not 'specifically' told that he had a right to a jury trial, that at that trial he had a right to remain silent and a privilege against being forced to testify against his wishes, nor was he ever advised of his right, through counsel, to confront and cross-examine the witnesses called by the prosecution . . . nor of his right to compel the attendance of, and confront, witnesses at the jury trial." Appellant's Anders Br. at 7.

The record contains no transcript of the plea proceeding in this case. That is not, however, fatal to our analysis of this issue. Even assuming there was a plain error in the plea proceeding, "Rule 11 error is not prejudicial when the defendant was simply deprived of a mandated procedure as opposed to the *substantive material information* contemplated by the rule." United States v.

-11-

Ferrel, 603 F.3d 758, 763 (10th Cir.) (emphasis added), cert. denied, 131 S. Ct. 481 (2010). "Thus, a defendant who receives the information omitted by the district court *from other sources* generally cannot demonstrate that he would not have pleaded guilty had the court also so informed him." Id. (emphasis added). Accordingly, in Ferrel, we held that the defendant's substantial rights were not affected when the court erroneously failed to inform him of the drug-quantity element of his offense during the Rule 11 colloquy. Id. at 763-64. Instead, we looked at the entire record, noting that the drug-quantity element "was alleged in the indictment, the same language was repeated in the plea agreement and in [the defendant's] Statement in Advance of Plea of Guilty." Id. at 764.

Here, in his "Petition to Change Plea," Mr. Gutierrez affirmed his awareness of all of the specific rights about which he claims he was uninformed. We conclude that this argument is meritless and frivolous.

In a related allegation, Mr. Gutierrez claims there is an issue as to whether the district court ensured that there was a factual basis for his guilty plea, as required by Rule 11(b)(3). Again, while we do not have a transcript of the plea proceedings, we do have the "Petition to Change Plea," signed by Mr. Gutierrez, in which he specifically set out the factual basis for his plea. The Plea Agreement also contains a paragraph describing the factual basis for the plea. We again discern no nonfrivolous argument for an appeal on this basis.

-12-

## B. Constitutionality of 21 U.S.C. §§ 841, 846

Mr. Gutierrez also alleges there is a viable appellate issue involving the constitutionality, following Apprendi v. New Jersey, 530 U.S. 466 (2000), of the statutes under which he was convicted and sentenced. See 21 U.S.C. §§ 841, 846. Mr. Gutierrez concedes, however, that our court, along with virtually every other circuit court, has rejected this argument. See e.g., United States v. Cernobyl, 255 F.3d 1215, 1219 (10th Cir. 2001) ("We now join [the Fourth, Fifth and Eleventh Circuits] in holding that § 841 remains constitutionally enforceable notwithstanding Apprendi.");[3] see also United States v. Collazo-Aponte, 281 F.3d 320, 325 (1st Cir. 2002); United States v. Candelario, 240 F.3d 1300, 1311 n.16 (11th Cir. 2001); United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000); United States v. McAllister, 272 F.3d 228 (4th Cir. 2001); United States v. Kelly, 272 F.3d 622 (3d Cir. 2001); United States v. Martinez, 253 F.3d 251, 256 n.6 (6th Cir. 2001); United States v. Woods, 270 F.3d 728, 729-30 (8th Cir. 2001). Given this vast, well-settled body of law rejecting Mr. Gutierrez's argument, we find it frivolous for him to attempt to raise it in this appeal.

## C. Opportunity to Allocute

Mr. Gutierrez also claims he was denied the opportunity to allocute prior to the imposition of his sentence. Fed. R. Crim. P. 32(i)(4)(A)(ii) requires a district

---

[3]Section 846 makes it a crime to attempt to or conspire to violate, *inter alia*, § 841. Thus, its constitutionality rises or falls with § 841.

court to "address the defendant personally in order to permit the defendant to speak or present any information" before imposing a sentence. Mr. Gutierrez's claim that he was denied his right of allocution is flatly contradicted by the record. At his sentencing hearing, the court stated to Mr. Gutierrez the following:

> Mr. Gutierrez, before I announce a tentative sentence and rule on the objections in this case, I always give the defendant an opportunity to make any statement he might wish to make to the Court. You're not required to say anything, but if you'd like to make a statement to the Court, now would be your time to do so and I'll be happy to hear anything you might wish to say.

Tr. of Sentencing Hr'g, R. Vol. 3 at 230. Mr. Gutierrez responded twice that he had nothing to say, despite the court's reminder that "this is your only moment." Id. Accordingly, this argument is not only frivolous, it is disingenuous.

### D. Eligibility for Safety-Valve and Minor Role Adjustments

Mr. Gutierrez suggests there is a nonfrivolous appellate argument regarding his eligibility for a safety-valve and/or minor role adjustment. We have already explained why any argument about safety-valve eligibility is frivolous—he received a safety-valve reduction and has nothing to complain about. We now explain why an argument about eligibility for a minor role adjustment is equally unavailing.

USSG § 3B1.2(b) provides for a two-point decrease in offense level if the defendant was a "minor participant" in the offense. Mr. Gutierrez argues he was only a "courier" or "mule" and, as such, was entitled to a minor role adjustment.

-14-

To receive a minor role adjustment, a defendant must prove, by a preponderance of the evidence, that his part in the offense renders him significantly less culpable than an average participant. Id. § 3B1.2 cmt. n.3(A); see United States v. Mendoza, 468 F.3d 1256, 1264 (10th Cir. 2006). We review the district court's factual finding that Mr. Gutierrez did not play a minor role for clear error. United States v. Bowen, 437 F.3d 1009, 1018 (10th Cir. 2006). Further, "the district court is under no obligation to trust the defendant's bare assertions." United States v. Mendoza, 468 F.3d 1256, 1264 (10th Cir. 2006) (further quotations omitted).

With respect to the minor role adjustment, the district court simply held, "I don't think it's a close call with respect to minor participation. I do not think this defendant in any way performed a minor role or played a minor role in this case, so I'm denying that objection." Tr. of Sentencing Hr'g, R. Vol. 3 at 232. Having reviewed the record in this case, we conclude that the district court did not make a clear error in reaching its decision. This argument also fails to provide a nonfrivolous ground for an appeal.

### E. Consideration of § 3553(a) Factors

Mr. Gutierrez alleges that the district court erred, and imposed an unreasonable sentence, because it "failed to consider all § 3553(a) factors as required by the applicable law." Appellant's Anders Resp. Br. at 39.

We review sentences for substantive and procedural reasonableness under an abuse of discretion standard. United States v. Lopez-Macias, 661 F.3d 485, 488-89 (10th Cir. 2011); see Gall v. United States, 552 U.S. 38, 51 (2007). Procedural error includes "'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 489 (quoting Gall, 552 U.S. at 51). "On the other hand, a challenge to the sufficiency of the § 3553(a) justifications relied on by the district court implicates the substantive reasonableness of the resulting sentence." Id. (further quotation omitted).

When the district court imposed the ninety-eight month sentence in this case, it stated as follows:

> I do think that this sentence does comport with 18 U.S.C. § 3553. I think it's appropriate in proportionality with respect to the defendants in this case. I think it's sufficient but not greater than necessary to reflect his offense conduct in this case. . . . I do think it is appropriate to give him a midrange sentence, and so I think that this is a sufficient but not greater-than-necessary sentence to reflect the conduct that he has here. And I do think, as I've looked at and thought about it, and I thought about this case quite a bit, it's appropriate under the factors of 18 U.S.C. 3553(a) and reflects appropriately the standards I'm required to consider under the U.S. Sentencing Guidelines.

Tr. of Sentencing Hr'g, R. Vol. 3 at 233-34.

When a defendant fails to raise an objection to the district court's calculation or explanation of a sentence, we review the district court's

-16-

determination for plain error.  United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007).[4]  Aside from a generalized attack on the district court's sentencing decision on the ground that the court failed to adequately consider all the § 3553(a) factors, Mr. Gutierrez specifically tries to craft a viable appellate argument out of the fact that some courts, but not the Tenth Circuit, have, to varying degrees, recognized that the status of a defendant as an illegal alien may justify a downward departure in sentencing.  This issue is easily resolved.  Our court has determined that deportable alien status is not a ground for departing downward.  United States v. Mendoza-Lopez, 7 F.3d 1483, 1487 (10th Cir. 1993), impliedly overruled on other grounds by United States v. Fagan, 162 F.3d 1280 (10th Cir. 1998); see also United States v. Castro-Rivas, 254 Fed. Appx. 742, 752 (10th Cir. Nov. 20, 2007) (unpublished); United States v. Tamayo, 162 Fed. Appx. 813, 816 (10th Cir. Jan.11, 2006) (unpublished).   There was no plain error here.  Once again, Mr. Gutierrez has failed to suggest a nonfrivolous argument in support of an appeal.

### F.  Ineffective Assistance of Counsel

Finally, Mr. Gutierrez argues his counsel was ineffective because, *inter alia*, he failed to argue for a downward departure at sentencing on the ground that

---

[4]"Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Ruiz-Terrazas, 477 F.3d at 1199.

Mr. Gutierrez's status as an illegal alien rendered his imprisonment more arduous and unequal to the imprisonment of citizens.[5]

"Except in rare circumstances, '[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.'" <u>United States v. Flood</u>, 635 F.3d 1255, 1260 (10th Cir. 2011) (quoting <u>United States v. Galloway</u>, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc)).  Furthermore, "[w]hen ineffective assistance of counsel claims are pursued on direct appeal, they are 'presumptively dismissable, and virtually all will be dismissed.'" <u>Id.</u> (quoting <u>Galloway</u>, 56 F.3d at 1240).   There is no such rare circumstance justifying the consideration of this ineffectiveness claim on direct appeal.

## CONCLUSION

We agree with Mr. Gutierrez's counsel that no meritorious basis exists for Mr. Gutierrez to appeal either his conviction or sentence.  We therefore GRANT his counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[5]Mr. Gutierrez makes this ineffectiveness argument at the end of his brief, even though, at the beginning of his brief, he acknowledged that ineffective assistance of counsel claims are properly brought in collateral proceedings.