FILED
United States Court of Appeals
Tenth Circuit

December 19, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JUAN CARLOS GUTIERREZ
GOMEZ,

      Defendant - Appellant.

No. 13-3171
(D.C. No. 6:10-CR-10152-EFM-2)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

This appeal arrives in a doubtful procedural posture, but even overlooking

those complications and proceeding to the merits we cannot lawfully afford any

relief.

After Juan Carlos Gutierrez Gomez pleaded guilty to participating in a

methamphetamine distribution conspiracy, the district court determined the

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously to grant the parties' request for a decision on the briefs
without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appropriate advisory guideline range was 87 to 108 months, and it proceeded to impose a 98-month sentence, right near the middle of that range. On appeal, Mr. Gutierrez Gomez's attorney filed an *Anders* brief exploring various potential avenues for appeal but suggesting none was legally viable. For his part, Mr. Gutierrez Gomez filed a brief raising a number of arguments all his own. This court found no plausible ground for appeal in either set of briefs and granted counsel's request to withdraw. *United States v. Gutierrez*, 506 F. App'x 714 (10th Cir. 2012).

Unsatisfied with this result, Mr. Gutierrez Gomez proceeded to file various post-judgment motions in the district court, including a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied these motions and it is its denial of the § 3582(c)(2) motion that we understand Mr. Gutierrez Gomez to be pursuing now before us.

The government doesn't dispute our statutory authority to hear this appeal but argues Mr. Gutierrez Gomez waived his right to pursue it, noting that his plea agreement expressly "waives any right to file and prosecute an appeal of the sentence imposed which is within the guideline range determined appropriate by the Court." R. vol. 1 at 33. Surely this appeal waiver applies to the present dispute, the government points out, because the district court imposed a mid-range sentence and the language of the plea agreement and transcript of the colloquy both suggest Mr. Gutierrez Gomez waived his appellate rights

knowingly and voluntarily. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). On this record, there's simply no indication that the appellate waiver cannot be enforced without causing "a miscarriage of justice." *See id.* at 1327.

Even so, the government's past litigation decisions give us some pause. When Mr. Gutierrez Gomez brought his direct appeal, the government made no effort to enforce the appellate waiver. In fact, that's why we didn't enforce the waiver and dismiss the appeal but addressed it on the merits. *Gutierrez*, 506 F. App'x at 716 n.1 (assuming the government "has waived any right to enforce [the] appellate waiver"). The government, we have repeatedly explained, "may be deemed itself to waive a defendant's appeal waiver" when it doesn't try to enforce the waiver in its appellate brief or through a separate motion. *United States v. White*, 584 F.3d 935, 947 n.5 (10th Cir. 2009). To be sure, the government didn't venture *any* arguments in Mr. Gutierrez Gomez's direct appeal. Instead of submitting its own brief, the government evidently chose to rely on the *Anders* brief from defense counsel, which argued Mr. Gutierrez Gomez had no nonfrivolous grounds for appeal. But the government *did* write a letter to this court notifying us it wouldn't be submitting a brief, and it easily could have insisted on enforcing the appellate waiver then. *See United States v. Contreras-Ramos*, 457 F.3d 1144, 1145 (10th Cir. 2006) ("[W]here the government explicitly cites an appeal waiver in a letter to the Court in response to an *Anders*

brief, the waiver is not waived . . . .").  Given all this, we harbor some doubts about the government's right to invoke the appellate waiver now — doubts the government's brief hasn't even tried to dispel.

Worrying (without deciding) whether the government waived Mr. Gutierrez Gomez's waiver, we think it prudent to address his claims on their merits, as the district court did.

Mr. Gutierrez Gomez argues, first, that the district court failed to take into account his cooperation with law enforcement.  In his view, the court should have considered the extent of his cooperation under 18 U.S.C. § 3553(a) even though the government didn't ask the court to do so pursuant to sentencing guideline § 5K1.1.  *Cf. United States v. Fernandez*, 443 F.3d 19, 33 (2d Cir. 2006) (finding that § 3553(a)'s mention of "the history and characteristics of the defendant" encompasses "the history of a defendant's cooperation").  But whatever other problems may confront Mr. Gutierrez Gomez here (including whether this question is properly raised in a § 3582(c) motion when it wasn't raised on direct appeal), the record simply belies it.  The district court expressly found he had played "games" with law enforcement instead of "being forthright and straightforward."  R. vol. 3 at 230-31.  Indeed, the district court rated Mr. Gutierrez Gomez "less than cooperative with law enforcement."  *Id.* at 232-33.  Plainly, the district court considered just the issue Mr. Gutierrez Gomez charges it with overlooking.  Neither does Mr. Gutierrez Gomez give us any persuasive

reason to doubt the district court's factual finding on that issue, let alone any reason to think it clearly erroneous. *See, e.g.*, *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) ("[I]n considering the district court's application of the Guidelines, we review factual findings for clear error . . . .").

Separately, Mr. Gutierrez Gomez protests the district court's calculation of his sentence range, but he seems to be relying on an outdated copy of the guidelines. He faults the court for not distinguishing between L-methamphetamine and D-methamphetamine, but that distinction hasn't been legally significant under the guidelines since 1995. *United States v. Glover*, 97 F.3d 1345, 1347 n.2 (10th Cir. 1996). He also maintains that the quantity of pure or "actual" methamphetamine involved in his case (195.84 grams) establishes a base offense level of 32. But that hasn't been true since the guidelines' 2000 amendments, which dropped the minimum amount of actual methamphetamine needed for base offense level 34 from 300 to 150 grams. U.S. Sentencing Guidelines Manual app. C, vol. II, amend. 594. As the district court correctly determined, Mr. Gutierrez Gomez's base offense level for conspiring to distribute 195.84 grams of actual methamphetamine is 34. *Id.* § 2D1.1(c)(3).

Mr. Gutierrez Gomez's motion to proceed *in forma pauperis* is denied. The district court's order denying the § 3582(c) motion is affirmed. Mr. Gutierrez

Gomez is reminded of his obligation to pay the filing fee in full.


                              ENTERED FOR THE COURT



                              Neil M. Gorsuch
                              Circuit Judge